UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Luis Alberto Cuevas-Moreno,<br><br>　　　　Defendant. | No. 08-3479M<br><br>Order Granting Parties' Joint Motion to Extend Time to Indict<br><br>(Reentry After Deportation) |

HAVING considered the parties' Joint Motion for Extension of Time to Indict and good cause having been shown;

THE COURT makes the following findings:

1. Counsel for Defendant has only recently been appointed;

2. The Defendant earnestly wishes to consider the plea offer extended by the Government;

3. The Defendant wishes to investigate possible defenses prior to considering the Government's plea offer, which is made pursuant to a 'fast track' early disposition program authorized by the Department of Justice pursuant to § 401(m) of the Prosecuting Remedies and Tools Against the Exploitation of Children Today Act of 2003 (PROTECT ACT), Pub. L. 108-21, 117 Stat. 650 (Apr. 30, 2003);

4. The Government's plea offer, if accepted by the Defendant and then the Court, would likely reduce Defendant's exposure to a significant term of imprisonment;

5. If the Defendant does not timely accept the plea offer prior to indictment, the Government will withdraw said plea offer and any subsequent plea offer after indictment would likely be less advantageous to the Defendant;

6. Failure to extend time for indictment in this instance would thus operate to bar Defendant from reviewing the Government's plea offer in a meaningful way prior to indictment;

7. Granting an extension of time for indictment in this case is likely to result in the case being resolved earlier, which would further the public's interest in the timely and efficient administration of justice; and

8. The ends of justice served by this continuance outweigh the best interest of the public and the Defendant in a speedy indictment.

The Court therefore concludes that the ends of justice are best served by granting an extension of time to present the case to the grand jury and in excluding a period of thirty (30) days under the Speedy Trial Act. In making this determination, the Court has particularly taken into account that the failure to grant the Defendant's request "would deny counsel for the Defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

IT IS HEREBY ORDERED that the parties' Joint Motion for Extension of Time to Indict requesting an extension of thirty (30) days within which the Government may seek to indict Defendant, is hereby granted.

IT IS FURTHER ORDERED that pursuant to the Speedy Trial Act, 18 U.S.C.§3161, the Government shall have an extension of thirty (30) days to file a timely Indictment. Excludable time shall begin to run on the 31st day after arrest for a period of thirty (30) days in which the Government may present the case to the grand jury.

DATED this 14th day of November, 2008.

_Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge